**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:24-cv-61297-MD

ELMAINA WALKOFF and
MILKA VALDES,

      Plaintiffs,

v.

Z.M. MANAGEMENT GROUP LLC
d/b/a ZESTY MAIDS, a Florida Limited
Liability Company, and SPRUCE SERVICES, INC.
d/b/a SPRUCE, a Foreign Corporation,

      Defendants.

_____/

**DEFENDANT, SPRUCE SERVICES, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, SPRUCE SERVICES, INC. ("Spruce"), through undersigned counsel, hereby

files its Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint ("Complaint"),

and states as follows:

**JURISDICTION AND VENUE**

1.      Admitted that the Plaintiffs purport to bring claims pursuant to the Fair Labor

Standards Act ("FLSA") and Florida common law, but Spruce denies any violations or that

Plaintiffs are entitled to relief on any of their claims.

2.      Admitted that this Court has jurisdiction over claims asserted under the FLSA.

3.      Admitted that venue is proper.  Spruce denies all other allegations in Paragraph 3

of the Complaint.

**PARTIES**

4.      Spruce denies that Walkoff is an "Employee" as defined by 29 U.S.C. §203(3).  To

the extent Paragraph 4 states legal conclusions, such conclusions do not require a response.  Spruce

lacks knowledge to admit or deny the remaining allegations of Paragraph 4.

5.      Spruce denies that Valdes is an "Employee" as defined by 29 U.S.C. §203(3).  To the extent Paragraph 5 states legal conclusions, such conclusions do not require a response.  Spruce lacks knowledge to admit or deny the remaining allegations of Paragraph 5.

6.      Admitted that Spruce is a foreign corporation authorized to do business in the state of Florida.  The remaining allegations aver legal conclusions which do not require a response.

7.      Denied.

8.      The allegations in Paragraph 8 are directed towards the Zesty Defendant and require no response from Spruce.

9.      The allegations in Paragraph 9 are directed towards the Zesty Defendant and require no response from Spruce.

10.     Denied.

11.     The allegations directed to Spruce are denied. The allegations in Paragraph 11 directed towards the Zesty Defendant require no response from Spruce.

12.     Denied.

13.     Spruce admits that it is a covered employer within the meaning of the FLSA. Spruce denies all other allegations in Paragraph 13 and further denies any inference that it employed Plaintiffs Walkoff or Valdes.

14.     Spruce admits that it has employees who engage in commerce within the meaning of the FLSA.  Spruce denies all other allegations in Paragraph 14 and further denies any inference that it employed Plaintiffs Walkoff or Valdes.

15.     Spruce admits that it has gross revenue that exceeds $500,000.  The remaining allegations as to Spruce aver legal conclusions which do not require a response.  The allegations in Paragraph 15 directed towards the Zesty Defendant require no response from Spruce.

16.     Denied as to Spruce.

2

## GENERAL ALLEGATIONS

17.     Denied that Walkoff was employed by Spruce.  Spruce lacks knowledge to admit or deny the remaining allegations of Paragraph 17, and any allegations in Paragraph 17 directed towards the Zesty Defendant require no response from Spruce.

18.     Spruce admits only that Walkoff performed cleaning and supervisory services at properties under contract by Spruce, but denies that Walkoff was employed by Spruce.  Spruce lacks knowledge to admit or deny the remaining allegations of Paragraph 18.

19.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 19 but denies any inference that Walkoff was employed by Spruce.

20.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 20 but denies any inference that Walkoff was employed by Spruce.

21.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 21 but denies any inference that Walkoff was employed by Spruce.

22.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 22 but denies any inference that Walkoff was employed by Spruce.

23.     Denied that Valdes is or was employed by Spruce.  Spruce lacks knowledge to admit or deny the remaining allegations of Paragraph 23, and any allegations in Paragraph 23 directed towards the Zesty Defendant require no response from Spruce.

24.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 24 but denies any inference that Valdes was employed by Spruce.

25.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 25 but denies any inference that Valdes was employed by Spruce.

26.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 26 but denies any inference that Valdes was employed by Spruce.

27.     Denied as to Spruce.

28.     Denied as to Spruce.

29.     Denied as to Spruce.

30.     Denied as to Spruce.

31.     Denied as to Spruce.

32.     Denied as to Spruce.

33.     Denied as to Spruce.

34.     Admitted.

35.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 35.  The

allegations in Paragraph 35 directed towards the Zesty Defendant require no response from Spruce.

36.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 36.  The

allegations in Paragraph 36 directed towards the Zesty Defendant require no response from Spruce.

37.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 37.  The

allegations in Paragraph 37 directed towards the Zesty Defendant require no response from Spruce.

38.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 38.  The

allegations in Paragraph 38 directed towards the Zesty Defendant require no response from Spruce.

39.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 39, but

denies any inference that Walkoff and/or Valdes were employed by Spruce.  The remaining

allegations of Paragraph 39 aver legal conclusions which do not require a response. To the extent

a response is required, denied as to Spruce.

40.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 40.

41.     Denied.

## COUNT I: VIOLATION OF FLSA / OVERTIME
### (WALKOFF)

42.     Spruce repeats and incorporates its responses to Paragraphs 1-22; 27-33 as if set

forth herein.

43.     Denied as to Spruce.

44.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 44 but denies any inference that Walkoff was employed by Spruce.

45.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 45 but denies any inference that Walkoff was employed by Spruce.

46.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 46 but denies any inference that Walkoff was employed by Spruce.

47.     Denied as to Spruce.

48.     The allegations of Paragraph 48 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

49.     The allegations of Paragraph 49 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

50.     The allegations of Paragraph 50 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

51.     The allegations of Paragraph 51 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

52.     Denied.

To the extent necessary, Spruce denies that Walkoff is entitled to the judgment and other relief sought in the WHEREFORE Clause in Count I.

### COUNT II – VIOLATION OF FLSA/OVERTIME
### (VALDES)

53.     Spruce repeats and incorporates its responses to Paragraphs 1-16; 23-33 as if set forth herein.

54.     Denied as to Spruce.

55.     Spruce lacks knowledge to admit or deny the remaining allegations of Paragraph

55 but denies any inference that Valdes was employed by Spruce.

56.     Denied as to Spruce.

57.     The allegations of Paragraph 57 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

58.     The allegations of Paragraph 58 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

59.     The allegations of Paragraph 59 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

60.     The allegations of Paragraph 60 aver legal conclusions which do not require a response. To the extent a response is required, denied as to Spruce.

To the extent necessary, Spruce denies that Valdes is entitled to the judgment and other relief sought in the WHEREFORE Clause in Count II.

## COUNT III: VIOLATION OF FLSA/ MINIMUM WAGE
### (VALDES)

61.     Spruce repeats and incorporates its responses to Paragraphs 1-16; 23-33 as if set forth herein.

62.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 62 but denies any inference that Valdes is or was employed by Spruce.

63.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 63 but denies any inference that Valdes was employed by Spruce.

64.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 64 but denies any inference that Valdes was employed by Spruce.

65.     Denied as to Spruce.

66.     Denied as to Spruce.

To the extent necessary, Spruce denies that Valdes is entitled to the judgment and other

relief sought in the WHEREFORE Clause in Count III.

## COUNT IV: UNPAID WAGES
### (VALDES)

67.     Spruce repeats and incorporates its responses to Paragraphs 1-16; 23-33 as if set forth herein.

68.     Spruce lacks knowledge to admit or deny the allegations of Paragraph 68 but denies any inference that Valdes is or was employed by Spruce.

69.     Denied as to Spruce.

70.     Denied as to Spruce. Spruce further denies any inference that Valdes is or was employed by Spruce.

To the extent necessary, Spruce denies that Valdes is entitled to the judgment and other relief sought in the WHEREFORE Clause in Count IV.

## COUNT V: FLSA RETALIATION
### (Against Defendant ZESTY)

71.     Spruce repeats and incorporates its responses to Paragraphs 1-16; 34-41 as if set forth herein.

72.     The allegations in Paragraph 72 are directed towards the Zesty Defendant and require no response from Spruce.

73.     The allegations in Paragraph 73 are directed towards the Zesty Defendant and require no response from Spruce.

74.     The allegations in Paragraph 74 are directed towards the Zesty Defendant and require no response from Spruce.

75.     The allegations in Paragraph 75 are directed towards the Zesty Defendant and require no response from Spruce.

76.     The allegations in Paragraph 76 are directed towards the Zesty Defendant and require no response from Spruce.

7

77.    The allegations in Paragraph 77 are directed towards the Zesty Defendant and require no response from Spruce.

78.    The allegations in Paragraph 78 are directed towards the Zesty Defendant and require no response from Spruce.

79.    The allegations in Paragraph 79 are directed towards the Zesty Defendant and require no response from Spruce.

80.    The allegations in Paragraph 80 are directed towards the Zesty Defendant and require no response from Spruce.

The allegations in final WHEREFORE clause are directed towards the Zesty Defendant and require no response from Spruce.

### GENERAL DENIAL

Spruce denies each and every allegation, matter and thing contained in the Complaint, except as hereinabove admitted, qualified, or otherwise stated.

### AFFIRMATIVE AND OTHER DEFENSES

In asserting the denials and affirmative defenses that follow, Spruce does not assume the burden of proof as to matters that Plaintiffs bear a burden to prove.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the fact that Plaintiffs did not work the hours claimed and certain time Plaintiffs claimed to have worked is not compensable as hours worked under the FLSA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Spruce are barred to the extent that Spruce was not the Plaintiffs' employer or joint employer.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Spruce are barred to the extent Spruce is not an enterprise integrated with or an agent of Plaintiffs' employer.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred because Walkoff and Valdes were independent contractors and not employees under the FLSA as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred and estopped from asserting claims for overtime pay because they never provided notice or made Spruce aware that they were improperly classified as independent contractors.

## SEVENTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees. To the extent liability is found, Spruce is not liable for any hours worked by Plaintiffs (if any) that were unauthorized or performed without its actual or constructive knowledge. Plaintiffs never informed Spruce that they were not paid minimum wages or overtime or reported that they had worked any overtime hours for which they were not paid. *Debose v. Broward Health,* 2009 WL 4884535 (S.D. Fla. 2009).

## EIGHTH AFFIRMATIVE DEFENSE

Count IV fails to state a cause of action because Florida does not recognize a common law action for "Unpaid Wages."

## NINTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees.  To the extent liability is found and to the extent that Plaintiffs worked any infrequent and insignificant periods of time which cannot be

precisely reported for payroll purposes such periods of time are *de minimis* and not compensable under the FLSA. Plaintiffs were paid based on the services reported by Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees. To the extent liability is found, Spruce acted in good faith at all relevant times and had reasonable grounds for believing that any act or omission was not a violation of the FLSA.

## ELEVENTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees. To the extent liability is found, the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs for, periods of time during which Plaintiffs performed no work, including but not limited to, vacation and/or sick leave, worker's compensation leave, holidays, attending to personal tasks or errands, during a particular work week or day.

## TWELFTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees. To the extent liability is found, any violation of the FLSA by Defendants was not willful, intentional or reckless and wholly unintentional.

## THIRTEENTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiffs were or are employees. To the extent liability is found, Plaintiffs' claim for liquidated damages pursuant 29 U.S.C. § 260 is without merit and barred because the acts or omissions complained of, if any, were done in good faith and with reasonable grounds for believing that such acts or omissions were in compliance with all applicable wage and compensation requirements (and not in violation of) the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Spruce denies that Plaintiff Walkoff was or is an employee. To the extent Walkoff is deemed an employee, she was exempt from the overtime provisions as a supervisory employee pursuant to

29 C.F.R. § 541.100, *et seq*.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent liability is found, Plaintiffs' claims are barred by operation of the doctrine of unclean hands due to misrepresentations regarding the scope and types of activities performed at Defendant Spruce's properties.

## SIXTEENTH AFFIRMATIVE DEFENSE

Spruce's liability, if any, is limited by the terms of its agreement with Zesty Management Group, LLC.

Spruce reserves the right to plead any additional defenses or affirmative defenses that may be revealed during the course of the litigation.

Dated: August 22, 2024                        Respectfully submitted,

CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By: /s/ *Irma Reboso Solares*
Irma Reboso Solares (FBN 797073)
isolares@carltonfields.com
James Czodli  (FBN 123523)
jczodli@carltonfields.com
*Secondary emails:*
nthompson@carltonfields.com
iabay@carltonfields.com

*Counsel for Defendant Spruce Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of August, 2024, I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which automatically generated a Notice of

Electronic Filing to all parties in the case who are registered users of the CM/ECF system.


/s/ *Irma Reboso Solares*

137086819.2